IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-46 |
| v. | ) | |
| | ) | |
| SZUHSIUNG HO a/k/a ALLEN HO, et al, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the undersigned with regard to defense counsel's oral request [see Doc. 108, p.110] at the September 15, 2016 motion hearing, that the Court recommend the Defendant be transferred to a detention facility in Atlanta, Georgia. Following a detention hearing on June 14, 2016, the undersigned ordered [Doc. 30] that the Defendant be detained pending trial. The Defendant has moved [Doc. 33] Chief United States District Judge Thomas A. Varlan to vacate this detention order and to permit him to be released on conditions. Judge Varlan held a hearing on the motion to vacate on August 16, 2016, and the parties have filed several supplemental briefs [Docs. 47, 48, 57, & 60].

In his most recent supplemental filing [Doc. 57], the Defendant contends that the conditions of his detention violate the Order of Detention [Doc. 30], which provides that "[t]he Defendant must be afforded a reasonable opportunity to consult privately with defense counsel." In this regard, the Defendant contends that he has not been able to confer with counsel by telephone because all of his telephone calls are recorded. He also asserts that he has no opportunity to read or make notations on discovery because he is not allowed to have discovery

materials or writing utensils in his cell and he has no table or light in his cell.  In the event that he is not released, he asks to be moved to the Robert A. Deyton Detention Facility in Atlanta, Georgia, where he was previously detained.  According to the Defendant, this facility permits detainees to have unrecorded telephone calls with counsel, to review discovery, and to take notes to send to counsel.  He states that the Government does not oppose the requested transfer.

The Government responds [Doc. 60] that, while it does not object to the Defendant's transfer to another detention facility, it defers to the determination of the United States Marshal Service on where to house the Defendant.  The Government denies that the conditions of the Defendant's detention violate the Court's Order of Detention.  It states that the Marshal Service has made provisions for the Defendant to have unrecorded telephone calls with counsel and the ability to review discovery.

On October 7, 2016, the Court conducted a telephone status conference on this issue.  Assistant United States Attorney Charles E. Atchley, Jr., appeared on behalf of the Government.  Attorneys Peter Zeidenberg and Wade V. Davies represented Defendant Ho. United States Marshal Jimmy Fowler and Deputy United States Marshal John Sanchez also participated in the telephone conference.  Mr. Zeidenberg stated that, despite the cooperation of the Marshals, the Blount County Detention Center, where the Defendant is housed, does not permit counsel a meaningful opportunity to interact with the Defendant.  Mr. Zeidenberg listed the following problems with counsels' ability to interact with the Defendant:

> (1) Although the marshals have assured counsel that telephone calls between counsel and the Defendant were not being recorded, the calls still contain a recording saying the conversation is being recorded, which "chills" counsels' conversation with the Defendant;

2

(2) Telephone calls between the Defendant and counsel cannot be scheduled, so counsel sometimes misses the Defendant's call;

(3) The Defendant must call counsel from a hallway with other prisoners standing nearby. Thus, the conversations are not private, the Defendant cannot take notes or refer to papers, and the conversation can only be ten or fifteen minutes long in order to permit other prisoners to use the telephone;

(4) The Defendant cannot read or store discovery in his jail cell. The Defendant does not have a table at which to write but must sit on his bed to review discovery;

(5) Counsel cannot sit next to the Defendant during attorney-client visits to review large binders of discovery but, instead, must pass ten pages of paper at a time to the Defendant through a narrow opening in a glass partition; and

(6) The jail has refused to allow Mr. Davies to meet with the Defendant, after he traveled to the jail to do so.

To remedy the difficulties in meeting with the Defendant, Mr. Zeidenberg asked that the Defendant be transported to Mr. Davies office to review materials and meet with counsel three times per week. Alternatively, counsel asked that the Defendant be transferred to a facility in Atlanta, Georgia.

AUSA Atchley said that the Government had no preference for which detention facility the Marshals housed the Defendant. He stated that the local facilities in which the Defendant had been housed thus far were safe and clean. AUSA Atchley objected to the Marshals transporting the Defendant to Mr. Davies office each week, observing that this would create a hardship for the Marshals and would set a dangerous precedent.

Mr. Zeidenberg stated that safety was not really an issue for the Defendant. The issue was the Defendant's ability to assist counsel with preparing his case for trial. He said the Defendant had faced the same problems of recorded telephone calls, not being able to schedule

3

telephone calls, and inability to review documents while sitting side-by-side with counsel when he was housed in the Knox County Detention Center.

Deputy Marshal Sanchez stated that the Defendant's telephone conversations with counsel were not being recorded and that he had confirmed this with the telephone company, which maintains the telephone system in the Blount County Detention Center. He also stated that the Marshals had arranged for the Defendant to retain one and one-half reams of paper in his cell at a time. He stated that he had provided defense counsel with his contact information and asked them to contact him if they had any further problems. Deputy Marshal Sanchez stated that this was the first that he had heard that counsel were having difficulty scheduling appointments or meeting with the Defendant when scheduled. He said that these problems were easily remedied by counsel contacting him when they wanted to call or visit the Defendant, and he would schedule the call or meeting with the jail.

After considering the request to transfer the Defendant to a facility in Atlanta, made by defense counsel at the September 15 motion hearing, the parties' filings, and the conversation with the parties and the United States Marshal Service on the conditions of the Defendant's detention, the Court makes the following findings of fact:

(1) The Defendant's safety is not an issue;

(2) The Defendant has the opportunity to make telephone calls to counsel. These telephone calls are not recorded and may be scheduled through Deputy Marshal Sanchez;

(3) The Defendant has the ability to meet with counsel in a private attorney-client interview room. Although a glass partition separates counsel and the Defendant, the Defendant may still view discovery with counsel, either through the glass or passed to the Defendant through the partition;

4

(4) Attorney-client meetings at the jail can be scheduled in advance through Deputy Marshal Sanchez. After the telephone conference, Deputy Marshal Sanchez confirmed that defense counsel may have multiple meetings each week, if they desire and if scheduled through him. Also, defense counsel may bring a laptop computer into the attorney-client interview room on which to review discovery; and

(5) The Defendant can review paper discovery in his jail cell. The Defendant is permitted to have one and one-half reams of discovery in his cell at a time. He can read this material while seated on his bed.

Thus, the Court finds that the United States Marshals and the Blount County Detention Center have provided the Defendant a reasonable opportunity to consult privately with his attorneys, both in person and by telephone.

The Defendant's request to be transferred to a jail in Atlanta, Georgia, is **DENIED**, at this time. First, the Court finds that the Defendant has a reasonable opportunity to consult with counsel privately through unrecorded telephone calls and through in-person meetings in the Blount County Detention Center. The Court finds that the only purported advantage of the transfer to Atlanta would be counsel's alleged ability to sit shoulder-to-shoulder with the Defendant to review discovery. As set out above, the Court finds that defense counsel may still review discovery with the Defendant, albeit not as conveniently, in the attorney-client interview room at the Blount County Detention Center. The Court observes that Mr. Zeidenberg would have to travel to meet with the Defendant whether he is detained in this district or in Atlanta. However, the Defendant would lose convenient access to Mr. Davies, if transferred to Atlanta. Moreover, requiring the Marshals to transport the Defendant between this district and Atlanta for Court appearances would create a strain on manpower and deplete limited resources.

The Defendant's request to be transported to Mr. Davies' law office three times each week to review discovery and prepare for trial is also **DENIED**. The Government argues, and the Court agrees, that this arrangement would heavily burden the Marshals, who would have to devote manpower and resources to transporting and guarding the Defendant on these occasions. The Defendant cites the Court to United States v. Namer, in which the trial court took "extraordinary measures . . . to ensure Namer's right to a fair trial." 149 F. App'x 385, 393 (6th Cir. 2005). In that case, the court provided appointed defense counsel rooms and computer equipment in the courthouse in which to prepare the complex case for trial, and "the government took the unusual step" of having the marshals transport the defendant, who was detained as a flight risk, to the courthouse three times each week, for thirteen months, to work with counsel. Id. at 392-93. The Court finds that the extraordinary circumstances in Namer do not compel the relief requested by Defendant Ho. There, the government agreed to transport Namer to a secure facility to work with counsel. Here, the Government objects to Ho's transport to his retained counsel's law office, where the Marshals would have to guard him for the duration of his stay. The Court has already found that a reasonable alternative—meeting with counsel at the Blount County Detention Center—is available in this case. The unique and apparently agreed remedy fashioned in Namer does not change the Court's mind. In other words, the fact that a different defendant in another district received an agreed accommodation under different circumstances does not mean that Defendant Ho's opportunity to meet with counsel at the Blount County Detention Center is unfair.

In summary, the Court finds that the United States Marshals and the Blount County Detention facility have provided the Defendant a reasonable opportunity to consult privately with his attorneys, both in person and by telephone. The Defendant's oral requests to

6

be transferred to a jail in Atlanta, Georgia, or to be transported to Mr. Davies' law office by the United States Marshals three times each week are **DENIED**.  If the Defendant encounters problems in meeting with his attorneys, either by telephone or at the jail, defense counsel shall first take up any issues with Deputy Marshal John Sanchez.  If the problem cannot be resolved administratively, then the Defendant may present it to the Court in a written motion.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge

7